CHEE, MARKHAM & FELDMAN
GREGORY K. MARKHAM
gmarkham@cheemarkham.com
LAURA E. CHIPCHASE
lchipchase@cheemarkham.com
American Savings Bank Tower
1001 Bishop Street, Suite 2700
Honolulu, HI 96813
Telephone: (808) 523-0111
Facsimile: (808) 523-0115

GORDON & REES LLP
PETER SCHWARTZ          (pro hac vice)
pschwartz@gordonrees.com
DAVID L. JONES          (pro hac vice)
djones@gordonrees.com
MARGRET G. PARKE        (pro hac vice)
mparke@gordonrees.com
633 W. 5th Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendant LEXINGTON INSURANCE COMPANY

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
SEP 12 2013
at  1  o'clock and 55 min  P  M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNIVERSITY OF HAWAII, | CIVIL NO. CV1300446 BMK |
|---|---|
| Plaintiff, | **ANSWER OF DEFENDANT LEXINGTON INSURANCE COMPANY TO COMPLAINT; CERTIFICATE OF SERVICE** |
| vs. | |
| LEXINGTON INSURANCE COMPANY, a foreign insurance corporation, JOHN DOES 1-100, DOE CORPORATIONS 1-100, and /or OTHER DOE ENTITIES 1-100, | |

Defendants.

Defendant Lexington Insurance Company ("Lexington") hereby answers the Complaint of plaintiff University of Hawaii ("University") as follows:

## PARTIES AND JURISDICTION

1. In answer to Paragraph 1, Lexington admits that University is a public educational institution. Lexington lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies these allegations.

2. In answer to Paragraph 2, Lexington admits that Lexington is a Delaware corporation and maintains it principal place of business in the state of Massachusetts. Lexington denies the remaining allegations of this paragraph.

3. In answer to Paragraph 3, Lexington lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies these allegations.

4. Lexington admits the allegations of Paragraph 4.

5. Lexington admits the allegations of Paragraph 5.

## FACTS

6. In answer to Paragraph 6, Lexington is informed and believes and on that basis admits that Philippe Gross filed a Complaint in the United States District

Court for the District of Hawaii, Civ. No. 10-00684 ACK LEK ("Federal Action"). Lexington refers to the Complaint filed in the Federal Action for the filing date and contents thereof.

7. In answer to Paragraph 7, Lexington is informed and believes and on that basis admits that the Plaintiff in the Federal Action sought declaratory and injunctive relief, monetary damages, and attorneys' fees and costs based on the allegations set forth in this paragraph. Lexington refers to the Complaint filed in the Federal Action for the contents thereof.

8. In answer to Paragraph 8, Lexington is informed and believes and on that basis admits that the Federal Action includes allegations that as a result of information security breaches University caused the security of confidential information to be compromised. Lexington refers to the Complaint filed in the Federal Action for the contents thereof.

9. In answer to Paragraph 9, Lexington is informed and believes and on that basis admits that the Federal Action includes a cause of action for Violation of the Right to Privacy pursuant to 42 USC § 1983. Lexington refers to the Complaint filed in the Federal Action for the contents thereof.

10. In answer to Paragraph 10, Lexington is informed and believes and on that basis admits that the Federal Action alleged the causes of action set forth in

this paragraph. Lexington refers to the Complaint filed in the Federal Action for the contents thereof.

11. In answer to Paragraph 11, Lexington admits that it issued a Higher Education Retained Amount Liability policy of insurance to University of Hawaii, Policy No. 003628067 ("the Policy"). Lexington denies the remaining allegations of this paragraph.

12. In answer to Paragraph 12, to the extent the Policy sets forth written terms, conditions and exclusions of coverage, including coverage for "property damage," "bodily injury" and "personal and advertising injury," the Policy speaks for itself. Except as expressly admitted, Lexington denies the allegations of this paragraph.

13. In answer to Paragraph 13, to the extent the Policy sets forth written terms, conditions and exclusions of coverage, including coverage for "personal and advertising injury", the Policy speaks for itself. Except as expressly admitted, Lexington denies the remaining allegations of this paragraph.

14. In answer to Paragraph 14, to the extent the Policy sets forth written terms, conditions and exclusions of coverage, including coverage for "personal and advertising injury", the Policy speaks for itself. Except as expressly admitted, Lexington denies the remaining allegations of this paragraph.

15. Lexington denies the allegations of Paragraph 15.

16. In answer to Paragraph 16, Lexington admits that University tendered the claims alleged in the Federal Action to Lexington in a letter dated November 23, 2010. Lexington denies the remaining allegations of this paragraph.

17. Lexington denies the allegations of Paragraph 17.

18. In answer to Paragraph 18, Lexington admits that University informed Lexington that Plaintiff in the Federal Action, by letter dated December 6, 2010, had proposed a "schedule for resolution" of the claims asserted in the Federal Action. The terms of the resolution schedule, referenced in the December 6, 2010 letter, speak for themselves. Lexington lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies these allegations.

19. In answer to Paragraph 19, Lexington denies that the December 6, 2010 letter from Plaintiff in the Federal Action to University constituted a settlement "demand." To the extent the "demand" referenced in this paragraph refers to the December 6, 2010 letter from Plaintiff in the Federal Action to University, the terms of the resolution schedule proposed in that letter speak for themselves. Except as expressly admitted, Lexington denies the remaining allegations of this paragraph.

20. In answer to Paragraph 20, Lexington admits that University notified Lexington in a December 10, 2010 letter of the proposed resolution schedule set

forth in the December 6, 2010 letter from Plaintiff in the Federal Action. Except as expressly admitted, Lexington denies the remaining allegations of this paragraph.

21. In answer to Paragraph 21, Lexington lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies these allegations.

22. In answer to Paragraph 22, Lexington is informed and believes and on that basis admits that University entered an appearance in the Federal Action. Lexington lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies these allegations.

23. In answer to Paragraph 23, Lexington is informed and believes and on that basis admits that Philippe Gross filed a Complaint in the Circuit Court of the First Circuit of the State of Hawaii, Civ. No. 11-1-1217-06 PWB ("State Action"). Lexington refers to the Complaint filed in the State Action for the filing date and contents thereof.

24. In answer to Paragraph 24, Lexington is informed and believes and on that basis admits that the Complaint filed in the State Action includes allegations that as a result of information security breaches University caused the security of confidential information to be compromised. Lexington refers to the Complaint filed in the State Action for the contents thereof.

25. In answer to Paragraph 25, Lexington is informed and believes and on that basis admits that the Complaint filed in the State Action seeks money damages and alleged a single cause of action for negligence. Lexington refers to the Complaint filed in the State Action for the contents thereof.

26. In answer to Paragraph 26, Lexington admits that University tendered the claims alleged in the State Action to Lexington. Lexington denies the remaining allegations of this paragraph.

27. Lexington denies the allegations of Paragraph 27.

28. In answer to Paragraph 28, Lexington lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies these allegations.

29. In answer to Paragraph 29, Lexington admits that University notified Lexington of a proposed settlement of the claims asserted in the Federal Action and the State Action in a letter dated September 6, 2011. The written terms of the proposed settlement set forth in the September 6, 2011, speak for themselves. Except as expressly admitted, Lexington denies the allegations of this paragraph.

30. In answer to Paragraph 30, Lexington admits that University notified Lexington of a proposed settlement of the claims asserted in the Federal Action and the State Action in a letter dated September 6, 2011. The written terms of the

proposed settlement set forth in the September 6, 2011, speak for themselves. Except as expressly admitted, Lexington denies the allegations of this paragraph.

31. In answer to Paragraph 31, Lexington admits that Lexington responded to University's tender for coverage of claims asserted in the Federal Action and State Action by letter dated September 20, 2011. With regard to the alleged contents of the September 20, 2011 letter, the writing speaks for itself. Except as expressly admitted, Lexington denies the remaining allegations of this paragraph.

32. In answer to paragraph 32, Lexington admits that Lexington responded to University's tender for coverage of claims asserted in the Federal Action and State Action by letter dated September 20, 2011. To the extent that the allegations of this paragraph refer to the alleged contents of the September 20, 2011 letter, the writing speaks for itself. Except as expressly admitted, Lexington denies the remaining allegations of this paragraph.

33. In answer to Paragraph 33, Lexington admits that Lexington responded to University's tender for coverage of claims asserted in the Federal Action and State Action by letter dated September 20, 2011. To the extent that the allegations of this paragraph refer to the alleged contents of the September 20, 2011 letter, the writing speaks for itself. Except as expressly admitted, Lexington denies the remaining allegations of this paragraph.

34. In answer to Paragraph 34, Lexington admits University disputed Lexington's position that terms, conditions and/or exclusions in the Policy limited or altogether precluded coverage for these claims. Lexington denies the remaining allegations of this paragraph.

35. In answer to Paragraph 35, Lexington admits that University continued to demand coverage for the claims asserted in the Federal Action and State Action and that Lexington continued to maintain its position that terms, conditions and/or exclusions in the Policy limited or altogether precluded coverage for these claims. Lexington denies the remaining allegations of this paragraph.

36. In answer to Paragraph 36, Lexington lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies these allegations.

37. In answer to Paragraph 37, Lexington admits University has continued to demand coverage for the claims asserted in the Federal Action and State Action after Lexington advised University of its position regarding the application of the terms, conditions and/or exclusions in the Policy to these claims. Lexington denies the remaining allegations of this paragraph.

38. Lexington denies the allegations of Paragraph 38.

39. In answer to Paragraph 39, Lexington admits that it has responded to University's claim for coverage of the Federal Action and State Action claims,

maintaining its position that terms, conditions and/or exclusion in the Policy preclude coverage for these claims. Lexington denies the remaining allegations of this paragraph.

40. In answer to Paragraph 40, Lexington denies the allegations of this paragraph.

41. In answer to Paragraph 41, Lexington lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies these allegations.

42. In answer to Paragraph 42, Lexington denies the allegations of this paragraph.

43. In answer to Paragraph 43, Lexington denies the allegations of this paragraph.

## COUNT I

### BREACH OF CONTRACT

44. In answer to Paragraph 44, Lexington realleges and incorporates by reference its answers set forth in paragraph 1 through 43.

45. In answer to Paragraph 45, Lexington admits that it issued a Higher Education Retained Amount liability policy of insurance to University of Hawaii, Policy No. 003628067 ("the Policy").

46. Lexington denies the allegations of Paragraph 46.

47. Lexington denies the allegations of Paragraph 47.

48. Lexington denies the allegations of Paragraph 48.

49. Lexington denies the allegations of Paragraph 49.

## COUNT II

## BREACH OF THE CONTRACTUAL IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

50. In answer to Paragraph 50, Lexington realleges and incorporates by reference its answers set forth in paragraph 1 through 49.

51. In answer to Paragraph 51, Lexington admits that all contracts, including insurance contracts, contain an implied covenant of good faith and fair dealing, the parameters of which are defined by applicable law. Lexington denies the remaining allegations of this paragraph.

52. Lexington denies the allegations of Paragraph 52.

53. Lexington denies the allegations of Paragraph 53.

54. Lexington denies the allegations of Paragraph 54.

55. Lexington denies the allegations of Paragraph 55.

## COUNT III

### TORT OF INSURER BAD FAITH

56. In answer to Paragraph 56, Lexington realleges and incorporates by reference its answers set forth in paragraph 1 through 55.

57. In answer to Paragraph 57, Lexington alleges that the allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, Lexington admits that Lexington has a duty to act in good faith with respect to coverage afforded by the Policy, the parameters of which are defined by applicable law.

58. Lexington denies the allegations of Paragraph 58.

59. Lexington denies the allegations of Paragraph 59.

60. Lexington denies the allegations of Paragraph 60.

61. Lexington denies the allegations of Paragraph 61.

62. Lexington denies the allegations of Paragraph 62.

## COUNT IV

### DECLARATORY RELIEF

63. In answer to Paragraph 63, Lexington realleges and incorporates by reference its answers set forth in paragraph 1 through 62.

64. In answer to Paragraph 64, Lexington admits that a dispute exists between Lexington and the University regarding whether coverage applies under the Policy to the claims asserted against the University in the Underlying Actions.

65. Lexington denies the allegations of Paragraph 65.

66. In answer to Paragraph 66, Lexington admits that it issued the Policy to the University. Lexington denies the remaining allegations of this paragraph.

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative defenses, Lexington alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1. The Complaint, in whole or in part, fails to state facts sufficient to constitute a cause of action against Lexington.

### SECOND AFFIRMATIVE DEFENSE

(Breach of Insured's Duties)

2. University cannot seek damages in connection with any alleged breach of contract due to University's failure to perform obligations under and comply with all conditions of the Policy.

## THIRD AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

3. University has waived any right to and/or is estopped from asserting the causes of action against Lexington contained in the Complaint by virtue of the acts and conduct of University.

## FOURTH AFFIRMATIVE DEFENSE

(Terms Preclude Coverage)

4. The claims alleged in the Complaint are barred, in whole or in part, by the terms, conditions, definitions, limitations, and exclusions contained in the Policy, and/or by public policy or express provision of law.

## FIFTH AFFIRMATIVE DEFENSE

(Violation of Statute Exclusion)

5. The claims alleged in the Complaint are barred, in whole or in part, based upon an exclusion contained in the Policy that precludes coverage for any claim alleging or asserting that any act or omission violates any statute, ordinance or regulation of any federal, state or local government involving the sending, transmitting or communicating of any material or information, by any means whatsoever.

## SIXTH AFFIRMATIVE DEFENSE

(Voluntary Payments Clause)

6. The claims alleged in the Complaint are barred, in whole or in part, based upon the voluntary payments clause contained in the Policy.

## SEVENTH AFFIRMATIVE DEFENSE

(Expected or Intended)

7. The claims alleged in the Complaint are barred, in whole or in part, based upon an exclusion contained in the Policy that precludes coverage for "bodily injury" and "property damage" that is expected or intended from the standpoint of the insured.

## EIGHTH AFFIRMATIVE DEFENSE

(Violation of Rights of Others Exclusion)

8. The claims alleged in the Complaint are barred, in whole or in part, based upon an exclusion contained in the Policy that precludes coverage for "personal and advertising injury" that is caused by or at the direction of the insured with the knowledge that the act would violate the rights of others.

## NINETH AFFIRMATIVE DEFENSE

(First Publication)

9. The claims alleged in the Complaint are barred, in whole or in part, based upon an exclusion contained in the Policy that precludes coverage for

"personal and advertising injury" that arises out of oral or written publication of material first published before the policy period.

## TENTH AFFIRMATIVE DEFENSE

(Breach of Contract)

10. The claims alleged in the Complaint are barred, in whole or in part, based upon an exclusion contained in the Policy that precludes coverage for "personal and advertising injury" arising out of a breach of contract.

## ELEVENTH AFFIRMATIVE DEFENSE

(Electronic Data Exclusion)

11. The claims alleged in the Complaint are barred, in whole or in part, based upon an exclusion contained in the Policy that precludes coverage for "personal and advertising injury" arising out an electronic chatroom or bulletin board the insured hosts, owns, or over which the insured exercises control.

## TWELFTH AFFIRMATIVE DEFENSE

(Policy Period)

12. The claims alleged in the Complaint, and each cause of action therein, is or may be barred to the extent that any alleged "property damage", "bodily injury", or offense giving rise to "personal and advertising injury" at issue in the Complaint did not take place during the period of the Policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Conduct)

13. Lexington alleges that all acts by Lexington were performed fairly, in good faith, and for a lawful purpose, and were in compliance with the explicit and implied terms of the Policy.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

14. University's claim for exemplary or punitive damages fails to state facts entitling University to an award of such damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Arbitration)

15. Pursuant to the Policy's arbitration provision, and the obligations and rights attendent thereto, Lexington reserves the right to seek an order compelling arbitration of the claims alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Right to Raise Additional Defenses)

16. University has failed to describe the causes of action with sufficient particularity to enable Lexington to determine all of its legal, contractual and equitable rights. As such, Lexington reserves its right to amend and/or supplement

the averments of its answer and affirmative defenses and assert any and all pertinent defenses ascertained through investigation and discovery in this action.

WHEREFORE, Lexington prays for judgment as follows:

1. That the University take nothing by way of the Complaint;

2. That the Court enter judgment in favor of Lexington on each cause of action alleged against it in the Complaint;

3. That Lexington be awarded its costs of suit herein; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: September /2 2013        CHEE MARKHAM & FELDMAN

By: _____
Gregory K. Markham
Laura E. Chipchase
Attorneys for Defendant
Lexington Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNIVERSITY OF HAWAII, | CIVIL NO. |
|---|---|
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| vs. | [ANSWER OF DEFENDANT LEXINGTON INSURANCE COMPANY TO COMPLAINT] |
| LEXINGTON INSURANCE COMPANY, a foreign insurance corporation, JOHN DOES 1-100, DOE CORPORATIONS 1-100, and /or OTHER DOE ENTITIES 1-100, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been duly served upon the following parties at their last known address via the means and on the date indicated below.

    MARK J. BENNETT, ESQ.                        ECF
    BRANDI B. BALANDA, ESQ.
    STARN O'TOOLE MARCUS & FISHER
    733 Bishop Street, Suite 1900
    Honolulu, HI 96813

Dated: September 2, 2013            CHEE MARKHAM & FELDMAN

                                                By:
                                                Gregory K. Markham
                                                Laura E. Chipchase

                                                Attorneys for Defendant
                                                LEXINGTON INSURANCE COMPANY